IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number   **17-21045 JAD**

Debtor#1:  **Randy A. Rapchak**           Last Four (4) Digits of SSN: **xxx-xx-2826**

Debtor#2:  **Lisa A. Rapchak**            Last Four (4) Digits of SSN: **xxx-xx-2814**

*Check if applicable*   ☐ **Amended Plan**   ☐ **Plan expected to be completed within the next 12 months**

# CHAPTER 13 PLAN DATED     April 11, 2017
# COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**
  Total amount of $ **1,410.00** per month for a plan term of **60** months shall be paid to the Trustee from future earnings as follows:

  Payments:   By Income Attachment            Directly by Debtor                By Automated Bank Transfer
  D#1        $ **1,410**                     $ _____                  $ _____
  D#2        $ _____                $ _____                  $ _____
  (Income attachments must be used by Debtors having attachable income)                                  (SSA direct deposit recipients only)

  Estimated amount of additional plan funds from sale proceeds, etc.: $ **NONE**
  The Trustee shall calculate the actual total payments estimated throughout the plan.
  The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN:** no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS:**
  i. The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
  ii. The original plan term has been extended by ___ months for a total of ___ months from the original plan filing date;
  iii. The payment shall be changed effective ___.
  iv. The Debtor(s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

  The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $___ from the sale of this property (describe)___. All sales shall be completed by ___. Lump sum payments shall be received by the Trustee as follows:___.
  Other payments from any source (describe specifically)___ shall be received by the Trustee as follows:___.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

*Level One:*      Unpaid filing fees.
*Level Two:*      Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate protection payments.
*Level Three:*    Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims.
*Level Four:*     Priority Domestic Support Obligations.
*Level Five:*     Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
*Level Six:*      All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
*Level Seven:*    Allowed general unsecured claims.
*Level Eight:*    Untimely filed unsecured claims for which the debtor has not lodged an objection.

1. **UNPAID FILING FEES** ____

Filing fees: the balance of $ **0.00** shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326(a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b, or 8b.*
Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326(a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3.(a)    LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| **PNC Bank** 301005734766039 | **Residence @ 907 Newell Road, Fayette City, PA.** | 444.60 | 3,000.00 |
| **PNC Bank** 0000115601 | **Residence @ 907 Newell Road, Fayette City, PA.** | 486.70 | 6,800.00 |

3.(b) *Long term debt claims secured by PERSONAL property entitled to §1326(a)(1)(C) preconfirmation adequate protection payments:*

| -NONE- | | | |
|---|---|---|---|

**4.    SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

*4.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **-NONE-** | | | | |

4(b) *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **-NONE-** | | | | |

**5.    SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

*5.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **Image Time, Inc.** | **2007 Chevrolet Uplander** Location: 907 Newell Road, Fayette City PA 15438 | 6,231.32 | 5% | 186.76 (36 payments) |

*5.(b) Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **-NONE-** | | | | |

**6.    SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER**

| Name the Creditor and identify the collateral with specificity. |
|---|

| -NONE- |
|---|

7. **THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**

| Name the Creditor and identify the collateral with specificity. |
|---|
| Midland Funding -Avoid Judgment Lien<br>Residence @ 907 Newell Road, Fayette City, PA. |

8. **LEASES. Leases provided for in this section are assumed by the debtor(s). Provide the number of lease payments to be made by the Trustee.**

*8.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| -NONE- | | | |

*8.(b) Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| -NONE- | | | |

9. **SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest* | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| -NONE- | | | | | |

\* *The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

10. **PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**

If the Debtor(s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders. If this payment is for prepetition arrearages only, check here: ☐ As to "Name of Creditor," specify the actual payee, e.g. PA SCUDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly payment or Prorata |
|---|---|---|---|
| -NONE- | | | |

11. **PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
| **Frazier SD & Newell Boro.  c/o SWRTB** | 332.82 | Local income tax | 0% | 2010, 2011 |
| **Frazier SD & Newell Boro. c/o SWRTB** | 1,839.85 | Local income tax | 0% | 2010-2014 |
| **PA Department of Revenue** | 327.00 | State income taxes | 0% | 2013, 2014, 2015 |

12. **ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
    a. Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
    b. Attorney fees are payable to __**Zebley Mehalov and White**__. In addition to a retainer of $__**500.00**__ already paid by or on behalf of the Debtor, the amount of $__**3,500.00**__ is to be paid at the rate of $__**250.00**__ per month. Including any retainer paid, a total of $__**0.00**__ has been approved pursuant to a fee application. An additional $__**0.00**__ will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

**13.    OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
| None | | | |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits.  The claim payment will not change for the life of the plan.  Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan.  These payments may not resolve all of the post-petition claims of the utility.  The utility may require additional funds from the Debtor(s) after discharge.

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
| -NONE- | | |

**15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of $ **1,000** will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a MINIMUM of $ **0.00** shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation.  The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **1** %.  The percentage of payment may change, based upon the total amount of allowed claims.  Late-filed claims will not be paid unless all timely filed claims have been paid in full.  Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within (30) days of filing the claim.  Creditors not specifically identified in Parts 1-15, above, are included in this class.

**GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS**

   This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor(s) until the bankruptcy case is closed.

   The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

   As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

   All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

   Percentage fees to the trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor(s) and Debtor(s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released.

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record, (or the Debtor(s) in the event they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID. The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS. FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

| | |
|---|---|
| Attorney Signature | **/s/ Daniel R. White** |
| Attorney Name and Pa. ID # | **Daniel R. White 78718 78718** |
| Attorney Address and Phone | **P.O. Box 2123**<br>**Uniontown, PA 15401**<br>**724-439-9200** |
| Debtor Signature | **/s/ Randy A. Rapchak** |
| Debtor Signature | **/s/ Lisa A. Rapchak** |

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Randy A. Rapchak  
Lisa A. Rapchak  
    Debtors  

Case No. 17-21045-JAD  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: gamr      Page 1 of 2      Date Rcvd: Apr 17, 2017  
                   Form ID: pdf900      Total Noticed: 47

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 19, 2017.

```
db/jdb         +Randy A. Rapchak,    Lisa A. Rapchak,    907 Newell Road,    Fayette City, PA 15438-1159
14384784       +AmerAssist,    P.O. Box 26095,    Columbus, OH 43226-0095
14384785       +Bank of America, N.A.,    P.O. Box 982284,    El Paso, TX 79998-2284
14384786        Becket & Lee LLP,    P.O. Box 3001,    Malvern, PA 19355-0701
14384787      ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
                (address filed with court: Capital One,    c/o TSYS Total Debt Management,    P.O. Box 5155,
                 Norcross, GA 30091)
14384790        Chase,    P.O. Box 15298,    Wilmington, DE 19850-5298
14384791       +Citi Card,    P.O. Box 6500,    Sioux Falls, SD 57117-6500
14384792       +Colonial Acceptance,    312 Fallowfield Avenue,    Charleroi, PA 15022-1405
14384794       +Creditors Financial Group,    P.O. Box 440290,    Aurora, CO 80044-1500
14384800       +David R. Galloway, Esq.,    54 East Main Street,    Mechanicsburg, PA 17055-3851
14384795        Encore Receivable Management, Inc.,    400 North Rogers Road,    P.O. Box 3330,
                 Olathe, KS 66063-3330
14384796       +FMA Alliance, Ltd.,    12339 Cutten Road,    Houston, TX 77066-1807
14384797        Foundation Radiology Group, PC,    P.O. Box 60,    Pittsburgh, PA 15230-0060
14384798       +Frazier SD & Newell Boro.  c/o SWRTB,    One Centennial Way,    Scottdale, PA 15683-1741
14384799       +Fulton Friedman & Gullace,    130 Gettysburg Place,    Mechanicsburg, PA 17055-5653
14384801        HSBC Card Services,    P.O. Box 81622,    Salinas, CA 93912-1622
14384802       +Image Time, Inc.,    2965 Pittsburgh Road,    Perryopolis, PA 15473-1005
14384804       +Jefferson Pain & Rehabilitation Center,    4735 Clairton Boulevard,    Pittsburgh, PA 15236-2106
14384805       +KML Law Group,    Suite 5000 BNY Mellon Independence Ctr.,    701 Market Street,
                 Philadelphia, PA 19106-1538
14384806        Laboratory Corporation of America,    P.O. Box 2240,    Burlington, NC 27216-2240
14384807       +Midland Credit Management, Inc.,    P.O. Box 2121,    Warren, MI 48090-2121
14384808        Midland Funding,    P.O. Box 268941,    Oklahoma City, OK 73126-8941
14384809       +Midland Funding,    2365 Northside Drive--Suite 300,    San Diego, CA 92108-2709
14384811        Monongahela Valley Hospital,    1163 Country Club Road,    Monongahela, PA 15063-1095
14403081      ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
                (address filed with court: Nationstar Mortgage,    Attn: Bankruptcy Department,
                 P.O. Box 619096,    Dallas, TX 75261-9741)
14384813       +NCB Management Services, Inc.,    P.O. Box 1099,    Langhorne, PA 19047-6099
14384812        National Enterprise Systems,    29125 Solon Road,    Solon, OH 44139-3442
14384814       +Northland Group, Inc.,    P.O. Box 390846,    Minneapolis, MN 55439-0846
14403082        Northstar Location Serviceas,    4285 Genesee Street,    Cheektowaga, NY 14225-1943
14384819       +PNC Bank,    Consumer Loan Center,    2730 Liberty Avenue,    Pittsburgh, PA 15222-4704
14384820       +PNC Bank, N.A.,    3232 Newmark Drive,    Miamisburg, OH 45342-5421
14386042       +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14384817        Partners in Nephro and Endo,    5171 Liberty Avenue,    Pittsburgh, PA 15224-2254
14384818        Penn Credit Corporation,    916 S 14th Place,    P.O. Box 988,    Harrisburg, PA 17108-0988
14384823        Rohland, Patt, Rohland Associates,    119 Thornton Road,    Brownsville, PA 15417-9607
14384824        Uniontown Hospital,    500 West Berkeley Street,    Uniontown, PA 15401-5596
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
14384782       +E-mail/Text: holly.tylka@advanceddisposal.com Apr 18 2017 01:19:43     Advanced Disposal,
                 P.O. Box 266,    1184 McClellandtown Road,    McClellandtown, PA 15458-1118
14384783       +E-mail/Text: roy.buchholz@allianceoneinc.com Apr 18 2017 01:19:05
                 Alliance One Receivables Management,    4850 Street Road--Suite 300,    Trevose, PA 19053-6600
14384788        E-mail/PDF: gecsedi@recoverycorp.com Apr 18 2017 01:11:03     CareCredit/Synchrony Bank,
                 Attn: Bankruptcy Department,    P.O. Box 965060,    Orlando, FL 32896-5060
14384789       +E-mail/Text: bankruptcy@cavps.com Apr 18 2017 01:19:48     Cavalry Portfolio Services,
                 500 Summit Lake Drive--Suite 400,    Valhalla, NY 10595-2322
14384793        E-mail/Text: creditonebknotifications@resurgent.com Apr 18 2017 01:19:07     Credit One Bank,
                 P.O. Box 98873,    Las Vegas, NV 89193-8873
14384803        E-mail/Text: cio.bncmail@irs.gov Apr 18 2017 01:19:11     Internal Revenue Service,
                 P.O. Box 7346,    Philadelphia, PA 19101-7346
14384810       +E-mail/Text: bankruptcydpt@mcmcg.com Apr 18 2017 01:19:36     Midland Funding,    P.O. Box 60578,
                 Los Angeles, CA 90060-0578
14384815       +E-mail/Text: bncmail@w-legal.com Apr 18 2017 01:19:46     Oak Harbor Capital IV, LLC,
                 c/o Weinstein and Riley, PS,    2001 Western Avenue--Suite 400,    Seattle, WA 98121-3132
14384816        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 18 2017 01:19:26     PA Department of Revenue,
                 Bankruptcy Division,    P.O. Box 280946,    Harrisburg, PA 17128-0946
14384821        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 18 2017 01:29:16
                 Portfolio Recovery,    130 Corporate Boulevard,    Norfolk, VA 23502
14384822       +E-mail/PDF: resurgentbknotifications@resurgent.com Apr 18 2017 01:10:58
                 Resurgent Capital Services,    P.O. Box 10675,    Greenville, SC 29603-0675
                                                                                              TOTAL: 11
```

```
District/off: 0315-2            User: gamr                  Page 2 of 2              Date Rcvd: Apr 17, 2017
                                Form ID: pdf900             Total Noticed: 47

              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               PNC BANK, NATIONAL ASSOCIATION
cr*             +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                       TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 19, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 13, 2017 at the address(es) listed below:
          Charles O. Zebley, Jr.   on behalf of Joint Debtor Lisa A. Rapchak COZ@Zeblaw.com,
           Lori@Zeblaw.com,Janet@Zeblaw.com
          Charles O. Zebley, Jr.   on behalf of Debtor Randy A. Rapchak COZ@Zeblaw.com,   Lori@Zeblaw.com,
           Janet@Zeblaw.com
          Daniel R. White    on behalf of Joint Debtor Lisa A. Rapchak dwhite@zeblaw.com,
           gianna@zeblaw.com;dwhite.zmw@gmail.com
          Daniel R. White    on behalf of Debtor Randy A. Rapchak dwhite@zeblaw.com,
           gianna@zeblaw.com;dwhite.zmw@gmail.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                              TOTAL: 6
```